IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMON BRINDLE,                      )
                                    )      CIV NO. S-04-590 GEB
              Plaintiff,            )
                                    )
     v.                             )      FINAL PRETRIAL ORDER
                                    )
ALLSTATE INSURANCE COMPANY,         )
an Illinois corporation,            )
                                    )
              Defendant.            )
_____)

          A final pretrial conference was held on May 31, 2005.  R.

Parker White and Jennifer Cutler appeared on behalf of Plaintiff;

Dennis M. Campos appeared on behalf of Defendant.

          After hearing, the Court makes the following Order.

                    I.   JURY/NON-JURY

          All issues shall be tried to a jury.

                    II.  UNDISPUTED FACTS

          The undisputed facts stated in section 3 of the parties'

Joint Pretrial Statement ("JPS") will become a part of the

1

evidentiary record if the parties reach agreement on which party or parties should read them to the jury.

### III.   DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in limine shall be addressed using the following procedure.  Counsel for the parties are required to meet and confer about the dispute. If the meeting fails to resolve the dispute, the parties are to set forth their respective positions on the dispute in a document entitled "Stipulation Re:  Evidentiary Disagreements," that shall be signed by counsel for the parties and filed no later than August 2, 2005.[1]

In the Stipulation, after the movant states the legal and factual basis for opposing admission of a clearly-identified, specific item of evidence, the nonmovant shall state its position. *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis.*  If the same argument or a portion thereof applies to a dispute over other evidence, that argument may be incorporated by reference where that other disputed evidence is argued.

This procedure is intended to expedite the trial by allowing the judge to understand the factual context involving disputed evidence and to make binding pretrial rulings.  The parties are cautioned that failure to utilize this procedure to resolve an evidentiary issue which is capable of resolution in an

---

[1]     The parties also have leave to set forth their agreements on any evidentiary matters in the Stipulation.

1 in limine motion may be deemed a waiver of objection to such

2 evidence, or could result in a ruling excluding the evidence.[2]

3 IV.  RELIEF SOUGHT

4 Plaintiff seeks general and punitive damages.  Defendant

5 contends any imposition of punitive damages under the facts and

6 circumstances of this case would violate its rights under the

7 United States Constitution and the Constitution of the State of

8 California.

9 V.  POINTS OF LAW/DISPUTED FACTUAL ISSUES[3]

10 A.  The Final Pretrial Order supersedes the pleadings

11 and controls the facts and claims which may be presented at trial.

12 Any legal theory of relief or affirmative defense asserted in the

13 pleadings but not preserved for trial in this section of the Final

14 Pretrial Order cannot be raised during the trial.  Therefore, to

15 preserve an issue for trial, and to be entitled to jury

16 instructions on that issue, the issue shall be identified and

17 preserved in this section of the Order.  Failure to do so

18 dismisses, waives or abandons that issue, claim or defense.

19 Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324,

20

21 [2] Since the judge disfavors side-bar conferences during
trial, counsel may be informed of this waiver in front of the jury.
22 Evidentiary disputes addressed in limine need not be included in
trial briefs as required by Local Rule 16-285(a)(3) (requiring that
23 "reasonably anticipated disputes concerning admissibility of
evidence" be included in trial briefs).
24

25 [3] Defendant is granted summary judgment on Plaintiff's
claim stated in the JPS at 3:16-26 because Plaintiff failed to show
26 that a genuine issue of material fact exists on this issue.
Defendant's contention that Plaintiff did not place Defendant on
27 notice of Plaintiff's theories of liability preserved for trial
fails because Defendant did not contest Plaintiff's position that
28 discovery made these liability theories known to Defendant.  See
Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292-93 (9th Cir. 2000).

1  1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order

2  are eliminated from the action.").

3       B.  The following issues are preserved for trial provided

4  jury instructions are submitted as required by Section XIII of this

5  Order:

6       1.  Whether Defendant improperly induced Plaintiff

7  to settle his uninsured motorist claim by representing that there

8  remained approximately $100,000 available and two years within

9  which Plaintiff could receive psychological and/or psychiatric

10  care.

11       2.  Whether Defendant, through Joe Crowley (whom

12  Defendant employs as a medical payments claims representative),

13  failed to conduct a reasonable investigation after medical pay

14  claims were submitted for Plaintiff's psychological and/or

15  psychiatric care.

16       C.  In addition to the matters set forth in Local Rule

17  16-285, the parties shall brief the following points of law in

18  their trial briefs.

19       1.  The elements, standards, and burdens of proof as

20  to each of Plaintiff's causes of action, including citations of

21  authority in support thereof.

22       2.  The elements, standards, and burdens of proof

23  as to each of Defendant's defenses, including citations of

24  authority in support thereof.

25       Notwithstanding Local Rule 16-285, trial briefs shall be

26  filed with the Court no later than August 2, 2005.  A joint or

27  partial joint trial brief is permitted.  All legal positions

28  briefed in the trial brief shall be supported with case and

applicable statutory authority.  <u>See</u> Local Rule 16-285.  If
separate or partial separate trial briefs are submitted, responding
briefs, if any, shall be filed with the Court no later than five
(5) court days prior to trial.  **The trial brief(s) must include "a**
**summary of points of law, including reasonably anticipated disputes**
**concerning admissibility of evidence, legal arguments, and**
**citations of authority in support thereof."  Local Rule 16-**
**285(a)(3).**

VI.   <u>WITNESSES</u>

A.  Plaintiff expects to call as witnesses, either in
person or by deposition, some or all of the persons listed in the
attachment to the JPS.

B.  Defendant expects to call as witnesses, either in
person or by deposition, some or all of the persons listed in the
attachment to the JPS.

C.  Each party may call a witness designated by the
other.

D.  No person, other than those named on these witness
lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that
the witness is for the purpose of rebutting evidence which could
not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial
conference and the proffering party makes the showing required in
"E", below.

E.  If a witness is discovered after the pretrial
conference, counsel for the party offering the witness shall
promptly inform the Court and opposing parties of the existence of

the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify.  The witness will be not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to pretrial;

(2) The Court and opposing counsel were promptly notified upon discovery of the witness;

(3) If time permitted, counsel offered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

VII.  <u>EXHIBITS</u>

A.  Plaintiff intends to offer in evidence the exhibits described in the attachment to the JPS.

B.  Defendant intends to offer in evidence the exhibits described in the attachment to the JPS.

C.  No other exhibits will be permitted to be introduced unless:

(1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is for impeachment;

(2) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

(3) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

D.   Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the exhibit's existence; and

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.   Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[4]  Failure to exchange exhibits as ordered could

---

[4]   The parties have leave to file joint exhibits.  The above
(continued...)

result in the exhibit not being used at trial and/or the imposition
of sanctions.  The failure to make objections in the manner
prescribed by this section shall constitute a waiver of objections.
A party seeking to admit into evidence an exhibit to which no
objection was made must identify said exhibit for the record and
then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office
on the Friday before the before trial date, no later than 4:00 p.m.
At that time, the parties shall also furnish the Court with a copy
of each exhibit, unless the exhibit is physically incapable of
being reproduced.  Failure to produce exhibits as ordered could
result in waiver of the right to offer those exhibits.  Each party
submitting exhibits shall furnish a list to the Court, the
courtroom deputy and opposing counsel itemizing the exhibits.

VIII.  <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.  It is the duty of counsel to ensure that any
depositions which are to be used at trial for any purpose shall
have been filed with the clerk, and counsel are cautioned that a
failure to discharge this duty may result in preclusion of the use
of the unfiled depositions or in the imposition of such other
sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial
commencement date, counsel for each party shall serve on the other
parties a statement designating all answers to interrogatories and
all portions of depositions (except for passages to be used solely
for refreshing recollection, impeachment or rebuttal).  No later

---

[4](...continued)
procedure is designed for separate exhibits.

than ten (10) court days before the trial commencement date,
counter-designations of other portions of these discovery documents
may be served.  No later than five (5) court days before trial, the
parties shall file and serve any preserved evidentiary objections
to any designated discovery, or said objections are waived.

IX.   FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all
discovery and law and motion was to have been completed prior to
the date of the final pretrial conference.  That order is
confirmed.  The parties are, of course, free to conduct any
additional discovery they desire pursuant to informal agreement.
However, any such agreement will not be enforceable in this Court.

X.   SETTLEMENT NEGOTIATIONS

No settlement conference is scheduled in this matter.  If
the parties believe that a settlement conference would be
productive and facilitate resolution of this case, the parties may
contact the Court.  If the Court schedules a settlement conference
at the request of the parties, each party would be directed to have
a principal with authority to settle the case on any terms present
at the settlement conference.

In addition, each party would have to submit a settlement
conference statement directly to the chambers of the settlement
judge, five (5) court days prior to the settlement conference.
Such statements would not have to be filed with the clerk nor
served on opposing counsel.  However, each would be required to
notify the other party or parties that the statement was submitted
to the judge's chambers.

XI.   AGREED STATEMENT

The parties shall submit a short, jointly-prepared statement concerning the nature of this case that can be read to the jury at the commencement of trial.  The statement shall be provided to the Court no later than August 16, 2005.  If the parties fail to do this, they may be required to give their respective opening statements before voir dire.  Separate statements shall be submitted if agreement is not reached.

XII.   SEPARATE TRIAL OF ISSUES

If the jury finds punitive damages are recoverable, trial on the amount of punitive damages will immediately occur.  During the first phase of the trial, the jury will be given a liability instruction on punitive damages along with the other closing instructions and a verdict form which will include the question whether punitive damages should be awarded.  If the answer is yes, the second phase of the trial would then occur with the presentation of financial condition evidence pertinent to the amount of punitive damages, following which the parties would present closing argument on that issue and a second phase jury instruction would be given to the jury on the issue.  The jury would then deliberate on the issue and fill in a punitive damages verdict form.

XIII.   JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

A.   The parties are to prepare jury instructions, in the manner specified in paragraph B below, and shall tailor all general instructions to the facts and issues in suit.

B.   Counsel are directed to confer and to attempt to agree upon a joint set of jury instructions which shall encompass

10

general instructions and instructions specific to each party's case.  All instructions, both general and specific, shall be submitted in the exact numerical order counsel desires them given to the jury and shall be tailored to the facts and issues in suit.

The joint set of instructions shall be filed with the court no later than August 9, 2005, and shall be identified as the "Jury Instructions Without Objection."  <u>See</u> L.R. 51-163(b).  As to instructions on which there is dispute, the parties shall adhere to the following procedure:  1) the party offering the disputed instruction(s) shall submit the instruction(s) as its package of proposed jury instructions, shall submit a brief memorandum in support of the proposed instruction(s) and shall number the disputed instruction in a manner that shows where each disputed instruction should be placed in the tendered agreed upon instructions.  The contested instruction(s) and memorandum in support shall be filed with the joint set of instructions no later than August 9, 2005; 2) the party opposed to the contested instruction(s) shall submit a brief memorandum succinctly stating the legal basis of the objection(s); 3) the memoranda in opposition to the contested instruction(s) shall be filed August 16, 2005.

C.   All instructions shall be, to the extent possible, concise, understandable, and <u>neutral</u> statements of law.  They shall be prepared in accordance with Local Rule 51-163.  Ninth Circuit Pattern Instructions are preferred.

D.   It is the parties' responsibility to ensure that jury instructions are submitted on all issues preserved for trial in accordance with the schedule set forth above.  Pursuant to Local Rule 51-163, instructions not presented in accordance with this

Order will be refused unless it is shown either (1) that the
necessity for the request arose in the course of trial; the
instructions could not reasonably have been anticipated prior to
trial from the Final Pretrial Order; and the request for such
additional instructions is presented to the Court as promptly as
possible; or (2) that the refusal to give such instructions would
constitute manifest injustice under Rule 16(e).

Likewise, any objections to proposed instructions not
made in accordance with this Order will be overruled as untimely
unless it is shown either (1) that the grounds therefor arose in
the course of trial and the intention to make such objections is
communicated to the Court as promptly as possible, or (2) that the
giving of such instructions would constitute plain error.

E.   Most of the examination of prospective jurors is
conducted by the Court.  The parties are directed to meet and
confer and attempt to agree upon a joint set of proposed voir dire
questions.  The joint set of voir dire questions shall be filed
with the Court no later than August 9, 2005.  Parties may also
submit proposed voir dire questions which are disputed.  Disputed
voir dire questions shall be filed with the Court by August 9, 2005
and shall be accompanied by an explanation as to the need for the
question and supporting case authority when available.  The
opposing party shall respond with reasons for the opposition and
any supporting case authority no later than August 16, 2005.  Each
side is granted twenty (20) minutes to conduct voir dire following
the Court's examination of prospective jurors.

F.   The parties shall file a joint verdict form
concurrently with proposed jury instructions no later than

12

August 9, 2005.  <u>See</u> L.R. 51-163(e).  A special verdict or
interrogatories shall be included for all factual disputes
submitted to the jury that must be resolved before questions of law
can be decided, and for any other issue on which specific responses
are desired.  The verdict form shall be prepared in accordance with
Local Rule 51-163(e).  At the same time, where disagreements exist,
the parties shall explain the disagreement and submit points and
authorities supporting their respective positions.

<u>At the time of electronically filing the jury
instructions and verdict form, counsel shall also submit a copy of
the sanitized joint jury instructions, the sanitized disputed jury
instructions, and the joint verdict form to the Court by email to
geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).</u>

G.   The failure of one or more of the parties to
participate in the preparation of joint jury instructions, proposed
voir dire questions, or verdict form does not excuse the other
parties from their obligation to timely file these documents with
the Court in accordance with this Order.  In the event that a party
fails to participate as ordered, the party timely submitting these
documents shall include a declaration explaining why it was unable
to obtain the cooperation of the other party or parties.

XIV.   <u>USE OF STRUCK JURY SELECTION SYSTEM</u>

Eight (8) jurors will be impaneled.  The "struck jury"
system will be used to select the jury.[5]  At the beginning of the

---

[5]   As explained in <u>United States v. Blouin</u>, 666 F.2d 796,
798 (2d Cir. 1981), "the goal of the 'struck jury' system is to
whittle down an initially selected group . . . [to the amount of
jurors] who will serve as the petit jury."  The selected group
consists of the jurors who will hear the case, plus the number of
(continued...)

voir dire process, eighteen prospective jurors, randomly selected
by the Jury Administrator, will be seated for voir dire.[6]  The
order of the jurors' random selection is reflected by the order in
which they will be seated.  The first randomly selected juror will
be in jury seat number one, which is at the extreme right-hand side
of the jury box in the top row as the jury box is viewed from the
well of the courtroom.  The eighth juror will be in the eighth
seat.  The ninth selected juror will occupy the seat located at the
extreme right-hand side of the jury box in the bottom row.  The
fifteenth seat will be in the left-hand side of that row.  Three
chairs will be placed in front of the jury box.  The sixteenth
juror will occupy the seat on the right and the eighteenth juror
will occupy the seat on the left.  The first eight (8) jurors on a
list, which shall be given to counsel, will constitute the petit
jury unless one or more of those eight (8) is excused for some
reason.  Assuming that the first and fifth jurors on the list are
excused, the second listed juror becomes the first, and the other
jurors' numbers are changed accordingly, with the ninth juror on
the list becoming seventh on the list; however, the jurors continue
to be identified by their original numbers.

---

[5](...continued)
jurors required to enable the parties to use the combined number of
peremptory challenges allotted to both sides for striking jurors
from the group.  Typically extra jurors are included in the select
group in the event the minimum amount of jurors required for the
"struck system" is reduced "for cause" or some other reason.

[6]     More could be seated.

Following the voir dire questioning, each side will
exercise its three allowed peremptory strikes.[7]  A copy of the
"strike sheet" which will be used is attached to this Order.
Generally, the potential jurors are given a break for the amount of
time the parties estimate it will take them to exercise peremptory
strikes.  Therefore, before the striking process begins, the
parties are requested to provide an estimate of how long it will
take to exercise their peremptory strikes so the potential jurors
can be allowed to take a break for that amount of time.  Peremptory
strikes will be exercised silently, by passing the strike sheet
between the parties, with the Plaintiff going first.  To use a
strike, write the seat number of the juror above the line where the
strike is required to be designated.[8]  A party who does not use a
strike waives any further right to exercise that strike and is
required to reflect this waiver by writing the word "pass" on the
strike sheet where the strike was supposed to have been exercised.

## XV.   ATTORNEYS FEES

The parties are referred to Local Rule 54-293 concerning
the post-trial procedure for seeking an award of attorney's fees.

---

[7]   During the questioning, the attached Query Re Excuse
Potential Jurors form could be given to the parties to determine if
a particular juror should be excused.  The attached for cause form
will also be used.

[8]   For example, assuming Plaintiff elects to strike the
juror in seat number 6, that strike will be exercised and then the
strike sheet is give to defense counsel.  Assuming defense counsel
then strikes the juror in seat 4, the first line of the strike
sheet will appear as follows:

Plaintiff    1 __6__                Defendant  1__4__

Defense counsel would then give the strike sheet back to Plaintiff
so she could exercise her second strike.

XVI.   <u>JURY INSTRUCTION AND VERDICT FORM CONFERENCE</u>

A jury instruction and verdict form conference will be scheduled if necessary.  See Local Rule 51-163(f).  The attorney who will try the case for each party shall attend the conference. The purpose of the conferences is to finalize these matters, to the extent possible, before trial.  The possibility of conferences being scheduled does not relieve the parties from their obligation to comply with all provisions of this Order.

XVII.   <u>TRIAL DATE</u>

Trial to a jury is set for August 30, 2005.[9]  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  At the first phase of the trial, each side has thirty (30) minutes within which to make an opening statement to the jury and ninety (90) minutes within which to make a closing argument.  If trial proceeds to the second phase, each side has fifteen (15) minutes within which to make a closing argument on the punitive damage issue.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

XVIII.   <u>COMMUNICATION WITH JURY</u>

The Court intends to communicate the following to the jury just before it retires to deliberate:

1.   Is the United States Marshal's representative present who will take charge of the jury?

---

[9] **The parties are required to meet and confer about the length of the trial and to file a document no later than 20 court days before trial in which the length of trial is estimated.**

2.   Deputy Clerk, please give the oath to the United States Marshal's representative.

3.   The jury may take breaks at will, **without advance permission**, under the general supervision of the United States Marshal's representative.

4.   The jury may go to lunch when they desire, **without advance permission**, under the general supervision of the United States Marshal's representative.  When the jury leaves for lunch, **the United States Marshal's representative shall tell my courtroom deputy clerk** so that I, my staff, the lawyers, and the parties can be relieved from standby status. This allows those on standby status to go to lunch at the same time the jury has lunch.

5.   The jury is authorized to adjourn for the evening **without advance permission**, and without having to return to this courtroom to be excused by me in front of the parties, but **the United States Marshal's representative shall tell my deputy courtroom clerk** when the jury adjourns so that the judge, the judge's staff, the lawyers, and the parties can be relieved from standby status.

6.   When deliberations are continued the day after evening adjournment, jurors are permitted to proceed directly to the jury deliberation room.  But jurors are to wait until all jurors are present before resuming deliberations.

7.   We desire you to deliberate between the hours of 9:00 a.m. and 4:30 p.m., as necessary.  However, you may deliberate for a shorter or longer period if you desire, provided all of you are in agreement. Otherwise, you should let me know about the disagreement.

8.   If you have a cell phone and/or a device with a wireless internet connection, you must give it to the United States Marshal's representative before you go into the jury deliberation room so that we can be assured that there is no interference with your deliberations.  That representative will return it when you leave the jury deliberation room.

9.   The United States Marshal's representative will maintain a post outside the jury deliberation room to protect the jury from outside influences or visitors.  That representative shall not communicate with you about the case or the court system because such conversations could be misconstrued as a communication that seeks to influence the jury. Stay in the jury room until all jurors are ready to leave for a break or lunch.

10.  Please escort all jurors to the deliberation room.

### XIX.   OBJECTIONS TO PRETRIAL ORDER

Any party may, within ten (10) court days after the date this Order is filed, file and serve written objections to any part of this Order.  Any objection must specify the requested correction, addition, and/or deletion.  Any response to an

objection must be filed and served within ten (10) court days after the objection is filed.  A final pretrial order may only be modified upon a showing of manifest injustice.

    FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ANY PARTY OR PARTIES WHO CAUSE NON-COMPLIANCE WITH THIS ORDER.

        IT IS SO ORDERED.

Dated:  June 2, 2005

                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge

STRIKE SHEET

Plaintiff    1_____        Defendant    1_____

             2_____                     2_____

             3_____                     3_____

## Query re Excuse Potential Juror

Do you Agree that Juror No. _____ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below)

|  | Plaintiff's Attorney | | Defendants' Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
|  | Yes | No | Yes | No |

<u>Whether Jurors Present During Exercise of Peremptory Challenges</u>

Can the jury be excused for the amount of time it will take to exercise peremptory challenges?  (Set forth response in box below)

|  | Plaintiff's Attorney | | Defendants' Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
|  | Yes | No | Yes | No |

How long do you estimate it will take you to exercise peremptory challenges?  (Set forth minutes in box below)

|  | Plaintiff's Attorney | Defendants' Attorney |
|---|---|---|
| MINUTES: | ☐ | ☐ |